Filed 7/24/13  P. v. Vincent CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C072395 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1100165) |
| v. | |
| DANIEL JAMES VINCENT, | |
| Defendant and Appellant. | |

A jury convicted defendant Daniel James Vincent of possession of methamphetamine (counts 1 & 4; Health & Saf. Code, § 11377, subd. (a)), possession of paraphernalia (count 2; Health & Saf. Code, § 11364), carrying a concealed dirk or dagger (counts 3 & 5; Pen. Code, § 21310 [formerly Pen. Code, § 12020, subd. (a)(4)]), and resisting or obstructing a peace officer (count 6; Pen. Code, § 148, subd. (a)(1)).  In a bifurcated proceeding, defendant admitted that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)) and the trial court found that he committed the offense charged in count 4 while released from custody on bail or on his own recognizance.

1

Sentenced to a term in state prison, defendant contends that the trial court's ruling on defendant's *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*)) after the court's in camera review deprived defendant of discovery information to which he was entitled. The People agree that we should conduct an independent review of the in camera hearing to determine whether the court abused its discretion. Having done so, we conclude that the court did not abuse its discretion or deprive defendant of discovery information to which he was entitled when it ordered the disclosure of materials as to two of the four law enforcement officers named in the motion. We affirm the judgment.

FACTS AND PROCEEDINGS

On the evening of March 2, 2011, Plumas County Sheriff's Deputy Robert Hammill saw defendant, whom he recognized, near Chester Elementary School. Defendant approached Deputy Hammill's patrol car, then admitted that he had used methamphetamine a week before and that he possessed a knife.

As Deputy Hammill walked toward defendant to conduct a search, he saw a film container in defendant's hand. Asked what it contained, defendant said "Meth." Deputy Hammill opened the container and saw crystalline rocks inside, packaged in two baggies. On searching defendant, Deputy Hammill found a large kitchen knife with an eight-inch blade and a glass smoking pipe in the front pocket of defendant's sweatshirt.

Plumas County Sheriff's Detective Michael Smith later conducted a presumptive test on the substances in the baggies and found that both baggies contained usable amounts of methamphetamine.

On September 30, 2011, after defendant failed to appear in court, a warrant was issued for his arrest.

On December 9, 2011, Detective Smith and Plumas County Sheriff's Deputy Michael Kincaid, who had been looking for defendant to serve the arrest warrant, saw

2

him in Chester on a bicycle in a driveway talking to some people. Detective Smith was driving an unmarked truck, but had on a tactical vest with a badge and the word "Sheriff" on it; Deputy Kincaid was in full uniform.

The officers drove past defendant and parked nearby. Defendant rode away from them. They pulled up next to him to identify him, continued past him, and waited for him to approach.

When defendant reached the officers, Detective Smith placed his truck to block defendant, then jumped out, called defendant by name, and told him he was under arrest. Defendant pedaled on. Detective Smith started to chase defendant on foot, then went back to his truck. Deputy Kincaid ran after defendant, yelling, "Sheriff's office" and ordering him to get off his bicycle.

Detective Smith drove his truck past Deputy Kincaid, pulled up beside defendant, and ordered him to stop. Defendant had a hand in his right front pocket. Detective Smith ordered defendant to show his hands and when defendant did not comply, Detective Smith told defendant he would be "Tased" if he did not obey. Detective Smith fired his Taser, but only one hook connected to defendant's body, which had no effect.

Plumas County Sheriff's Deputy Steve Clark and Plumas County Sheriff's Detective Christopher Hendrickson arrived at the same time that Deputy Kincaid got to the place where Detective Smith was attempting to arrest defendant. Deputy Clark pushed defendant to the ground and handcuffed him.

Near defendant's bicycle, the officers saw three clear plastic bindles, each containing a crystalline substance. Each bindle was later found to contain a usable amount of methamphetamine.

Detective Hendrickson found a "Bowie knife" with a sharpened and unsheathed blade seven and a half inches long inside defendant's backpack.

Defendant testified on his own behalf. He admitted having a knife in his possession on March 2, 2011, but claimed its handle was visible; he denied possessing

3

methamphetamine or a glass pipe that day. He also denied trying to evade the police, disobeying their orders, or possessing methamphetamine on December 9, 2011, but admitted having a knife in his backpack. He claimed he stopped his bicycle and put his hands on his head, then his chest, intending to show submission, but was "Tased" and then struck from behind by an officer's vehicle. He admitted an extensive criminal history, including prior felony convictions for receiving stolen property and for evading a peace officer with willful and wanton disregard for persons or property.

## DISCUSSION

Before trial, defendant filed a *Pitchess* motion, asking for discovery of the personnel records of Detectives Smith and Hendrickson and Deputies Hammill and Clark. Counsel's supporting declaration alleged that the officers had fabricated evidence, made misrepresentations in their arrest reports, and used excessive and illegal force.

At the hearing on the motion, the trial court determined that defendant had shown good cause for an in camera review of the named officers' personnel files. (Cf. Evid. Code, § 1043.) After conducting the in camera review, the court ordered disclosure to defense counsel of information as to one person who complained of fabrication by Deputy Hammill and as to five persons who complained of violence by Deputy Clark, but stated that there were no discoverable complaints as to Detectives Smith and Hendrickson.

Defendant asks us to review the record of the sealed transcript of the in camera hearing to determine whether the trial court made a record of the documents provided to it and the documents it reviewed (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228), and whether the court abused its discretion by withholding any relevant information. The People agree that we should conduct that review.

4

Having reviewed the sealed transcript of the in camera hearing, we conclude that the trial court properly recorded the documents provided to it and reviewed by it, and did not withhold any disclosable information.

DISPOSITION

The judgment is affirmed.


      HULL      , Acting P. J.


We concur:


      ROBIE      , J.


      MURRAY      , J.